OPINION *Page 2 
{¶ 1} On August 27, 2003, appellant, Kevin Mills, and appellee, Liannette Mills nka Morris, were granted a divorce. Because appellant was unemployed at the time, he was ordered to pay child support in the amount of $50.00 per month.
 {¶ 2} On July 21, 2006, pursuant to a review by the Stark County Child Support Agency, appellant was ordered to pay $554.62 per month for child support. After an administrative hearing on September 4, 2007, it was recommended that appellant pay $318.56 per month. See, Report filed September 5, 2007.
 {¶ 3} Appellee filed objections. A hearing before a magistrate was held on January 22, 2008. Appellant failed to appear at the scheduled time. By decision filed January 25, 2008, the magistrate recommended appellant pay child support in the amount of $428.19 per month and $750.00 in attorney fees.
 {¶ 4} Appellant filed objections. A hearing was held on May 19, 2008. By judgment entry filed May 29, 2008, the trial court approved and adopted the magistrate's decision.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ORDERING CHILD SUPPORT, IMPUTING INCOME TO DEFENDANT-APPELLANT WHICH WAS NOT JUSTIFIED BY THE EVIDENCE PRESENTED TO THIS COURT FOR CALCULATION OF CHILD SUPPORT." *Page 3 
 II {¶ 7} "THE TRIAL COURT ERRED BY AWARDING ATTORNEY FEES TO THE PLAINTIFF-APPELLEE."
 I {¶ 8} Appellant claims the trial court erred in imputing income to him in its determination of child support. We agree.
 {¶ 9} The imputation of income is a matter "to be determined by the trial court based upon the facts and circumstances of each case."Rock v. Cabral (1993), 67 Ohio St.3d 108, paragraph one of the syllabus. A determination with respect to these matters will only be reversed upon a showing of abuse of discretion. Id. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 10} R.C. 3119.01(C)(5) defines "income," for purposes of calculating child support, as follows:
 {¶ 11} "(5) `Income' means either of the following:
 {¶ 12} "(a) For a parent who is employed to full capacity, the gross income of the parent;
 {¶ 13} "(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent."
 {¶ 14} R.C. 3119.01 (C)(11) defines "potential income" as follows:
 {¶ 15} "`Potential income' means both of the following for a parent who the court pursuant to a court support order, or a child support enforcement agency pursuant to an *Page 4 
administrative child support order, determines is voluntarily unemployed or voluntarily underemployed:
 {¶ 16} "(a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the following criteria:
 {¶ 17} "(i) The parent's prior employment experience;
 {¶ 18} "(ii) The parent's education;
 {¶ 19} "(iii) The parent's physical and mental disabilities, if any;
 {¶ 20} "(iv) The availability of employment in the geographic area in which the parent resides;
 {¶ 21} "(v) The prevailing wage and salary levels in the geographic area in which the parent resides;
 {¶ 22} "(vi) The parent's special skills and training;
 {¶ 23} "(vii) Whether there is evidence that the parent has the ability to earn the imputed income;
 {¶ 24} "(viii) The age and special needs of the child for whom child support is being calculated under this section;
 {¶ 25} "(ix) The parent's increased earning capacity because of experience;
 {¶ 26} "(x) Any other relevant factor.
 {¶ 27} "(b) Imputed income from any nonincome-producing assets of a parent, as determined from the local passbook savings rate or another appropriate rate as determined by the court or agency, not to exceed the rate of interest specified in division (A) of section 1343.03 of the Revised Code, if the income is significant." *Page 5 
 {¶ 28} As noted by appellee's attorney at the May 19, 2008 objection hearing before the trial court, the magistrate had relied upon a "prior administrative adjustment recommendation from June 12 of 2006 where it indicated his income was $30,152." May 19, 2008 T. at 6. A review of the transcript from the magistrate's January 22, 2008 hearing indicates no evidence was presented on the issue. To appellee's counsel's benefit, he did note that appellant was preceding pro se during the discovery process and failed to comply with discovery requests. May 19, 2008 T. at 6. The only evidence presented during the objection hearing before the trial court were two exhibits indicating appellant's 2005 W-2 ($23,052.00 in income) and an end-of-the-year pay stub indicating income of $11.50 per hour for a gross income of $23,920.00. May 19, 2008 T. at 5, 7.
 {¶ 29} We conclude the only evidence presented to the trial court was an income of some $7,000.00 less than the income imputed. There was no evidence to suggest that appellant was underemployed. For these reasons, we reverse and remand the issue of child support to the trial court for proper calculations using appellant's actual wage.
 {¶ 30} Assignment of Error I is granted.
 II {¶ 31} Appellant claims the trial court abused its discretion in awarding appellee $750.00 for attorney fees. We agree.
 {¶ 32} The magistrate recommended an award of attorney fees in the amount of $750.00. January 22, 2008 T. at 7. Both parties admit evidence on the issue was not presented during the hearing. The record must demonstrate facts upon which the *Page 6 
reasonableness of attorney fees may be judged. Swanson v. Swanson
(1976), 48 Ohio App.2d 85.
 {¶ 33} Upon review, we reverse and remand the issue of attorney fees for evidentiary hearing.
 {¶ 34} Assignment of Error II is granted.
 {¶ 35} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division, is hereby reversed and the matter is remanded.
 Farmer, J., Gwin, P.J. and Wise, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division, is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided between the parties. *Page 1